IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND SHANE GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-0122-KD-N |
| ) | |
| WESLEY S. PIPES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that Plaintiff's Complaint be and is hereby **DISMISSED without prejudice.**

The Court also finds to the extent that any of Greene's claims may be construed as a habeas claim, e.g. double jeopardy, the claim would be untimely and a second prohibited habeas filing.   Greene's conviction became final in 2017.  In 2021, Greene petitioned this court for habeas relief challenging his 2015 conviction. He raised challenges of juror misconduct, his exclusion from the trial during material portions of the trial, and ineffective assistance of counsel (lack of investigation into witnesses after first trial that could have been used to rebut state witnesses, despite that Greene provided names and contact information). His petition was dismissed as time barred (4 days late). Greene v. Butler, No. CV 1:21-00022-WS-N, 2021 WL 4978668, at *1 (S.D. Ala. Sept. 14, 2021), report and recommendation adopted, No. CV 1:21-00022-WS-N, 2021 WL 4975269 (S.D. Ala. Oct. 26, 2021).

Although Greene did not raise double jeopardy in his prior habeas petition, this claim is still untimely. Moreover, the claim lacks merit. The record shows Greene's initial August 2015 trial resulted in a mistrial due to the State's failure to provide defense counsel with certain evidence, and the trial transcript shows that counsel for Greene admitted that there was no bad faith or intent on the part of the State, that a mistrial would not bar retrial, and he specifically contended that jeopardy did not attach. (*See* Doc. 12-2 at 180-82). Based on the facts put forth by Greene in his complaint and supplement, the mistrial declared on Greene's motion would not bar a retrial based on double jeopardy. *See Flynn v. State*, No. CR-21-0199, 2024 WL 509031, at *5-6, __ So.3d __, (Ala. Crim. App. Feb. 9, 2024) (Examining as a matter of apparent first impression and finding "the Alabama Constitution's prohibition on double jeopardy does not bar retrial of a defendant following a mistrial that was granted on the defendant's motion, unless the record indicates that the State intentionally provoked the defendant into moving for the mistrial.").

**DONE** this **25th** day of **February, 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**